STATE OF NEW JERSEY v. LOUIS O'DONNELL.

Decided February 26, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and LLOYD.

For the plaintiff in error, *Ulysses G. Styron.*

For the state, *Louis A. Repetto,* prosecutor of the pleas.

PER CURIAM.

Louis O'Donnell, the plaintiff in error, was indicted for a violation of section 65 of the Crimes act (*Comp. Stat., p.* 1766), which provides that "any person or corporation that shall keep a place to which persons may resort for engaging in pool-selling and book-making upon the event of any horse race, or other race or contest, shall be guilty of a misdemeanor." The indictment charged that the defendant kept a place to which persons could and did resort for engaging in the practices specified in the statute. The trial resulted in a verdict against the defendant, and the latter has sued out the present writ of error to review the validity of the judgment of conviction entered on that verdict.

The principal ground upon which we are asked to reverse the conviction under review is that the court erroneously refused to charge two requests submitted on behalf of the plaintiff in error. The first is as follows: "It is not sufficient that the state prove only that the defendant kept a place where it was possible for persons to resort for betting, nor the keeping of a place to which persons do, in fact, resort for betting, but the proof must go further and show the intent of the defendant that persons shall resort there for betting." The second request is quite similar in effect, and is in the following words: "The defendant cannot be convicted under the indictment unless you find he was the keeper of the place where people could and did resort for betting on horses, and that it was the intent of the keeper thereof that people should resort there for that purpose."

The court not only refused to charge these requests, but instructed the jury that if the defendant kept a place to which persons might resort for engaging in book-making upon the running, pacing or trotting of horses, he was guilty of a violation of the statutory provision referred to.

In our opinion, the refusal to charge the requests sub-

mitted was injurious error, and that error was emphasized by the instruction given to the jury as above recited. In the case of *State* v. *Ackerman, 62 N. J. L.* 456, the Supreme Court held that the statutory provision referred to did not import the keeping of a place to which it was possible for persons to resort for betting, nor the keeping of a place to which persons did in fact resort for betting; that the fair import of the provision is that the intent of the person keeping the place must be that other persons shall resort to it for betting; and that this intent of the keeper is essential to guilt. In the later case of *State* v. *Terry,* 91 *Id.* 539, the Court of Errors and Appeals approved the construction put upon the statute in the Ackerman case, and held that the intent of the keeper of the place that persons should resort thereto for betting was essential to his guilt.

The decision of the Court of Errors and Appeals is binding upon this court. The refusal to charge the requests was in disregard of the rule laid down in the Terry case, and for that reason the conviction under review must be reversed.

Reaching this conclusion, we have found it unnecessary to consider any of the other grounds upon which a reversal is sought.